Slip Op. 26-20

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

PRYSMIAN CABLES AND SYSTEMS, USA, LLC

        Plaintiff,

        v.

UNITED STATES, *et al.*,

        Defendants.

</td><td>

Before: Mark A. Barnett, Chief Judge
Court No. 24-00101

</td></tr>
</table>

## OPINION

[Sustaining the U.S. Department of Commerce's denials of certain section 232 exclusion requests in full or in part and decision not to add an importer of record as an authorized importer for a partially granted exclusion.]

Dated: February 23, 2026

Brad S. Keeton, Frost Brown Todd LLP, of Lexington, KY, for Plaintiff Prysmian Cables and Systems, USA, LLC.

Kyle S. Beckrich, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendants. Also on the brief were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director. Of counsel were Billie K. Debrason, Attorney Advisor, and Rachel M. Morris, Attorney Advisor, Office of Chief Counsel for Industry and Security, U.S. Department of Commerce, of Washington, DC.

       Barnett, Chief Judge: Before the court is Plaintiff Prysmian Cables and Systems, USA, LLC's ("Prysmian") motion for judgment on the agency record. *See* Pl.'s Mot. for J. on the Agency R., and accompanying Pl.'s Mem. of Law in Supp. of Mot. for J. on the

Agency R. ("Pl.'s Mem."), ECF No. 44.[1]  The motion challenges the U.S. Department of

Commerce's ("Commerce" or "the agency") denials, either in whole or in part, of

Prysmian's requests for imports of certain aluminum rods and steel coils to be excluded

from tariffs imposed pursuant to section 232 of the Trade Expansion Act of 1962,

codified at 19 U.S.C. § 1862 (2018),[2] as well as the agency's denial of Prysmian's

request to add a supplier as an authorized importer of record in connection with a

partially granted section 232 exclusion.

### BACKGROUND

Section 232 authorizes the President to adjust imports of goods to "[s]afeguard[ ]

national security."  19 U.S.C. § 1862.  Pursuant to this authority, on March 8, 2018, the

President announced a 10 percent tariff on imports of certain aluminum products and a

25 percent tariff on imports of certain steel products.  *See* Proclamation No. 9704 of

Mar. 8, 2018 ("Proclamation 9704"), cls. 1–2, 83 Fed. Reg. 11,619 (Mar. 15, 2018);

Proclamation No. 9705 of Mar. 8, 2018 ("Proclamation 9705"), cls. 1–2, 83 Fed. Reg.

11,625 (Mar. 15, 2018).  By the same Proclamations, the President directed the

Secretary of Commerce to provide for a process whereby an affected party could

request relief in the form of an "exclusion" from section 232 tariffs on any aluminum or

---

[1] The administrative record for the four exclusion requests is contained in corrected
Public Administrative Record filings, Public R. Index for ER 261115 ("PR Vol. 1"), ECF
No. 54-1; Public R. Index for ER 261137 ("PR Vol. 2"), ECF No. 54-2; Public R. Index
for ER 391723 ("PR Vol. 3"), ECF No. 54-3; Public R. Index for ER 402427 ("PR Vol.
4"), ECF No. 54-4; and a Confidential Administrative Record, ECF Nos. 42-1–42-7.
Citations to the administrative record herein use the ECF pagination.
[2] Citations to the U.S. Code are to the 2018 version, unless otherwise stated.

steel article "determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality," and further "authorized [the Secretary] to provide such relief based upon specific national security considerations." Proclamation 9704, cls. 3–4; Proclamation 9705, cls. 3–4.

Pursuant to Proclamations 9704 and 9705, Commerce issued an interim final rule on March 19, 2018, and a subsequent revised interim final rule on September 11, 2018, codified at 15 C.F.R. pt. 705 (together, "the Rule"), creating a uniform process that allowed affected parties to request exclusions from section 232 duties on imports of aluminum and steel articles and allowed other domestic parties to object to such requests. *See Requirements for Submissions Requesting Exclusions From the Remedies Instituted in Presidential Proclamations Adjusting Imps. of Steel Into the United States and Adjusting Imps. of Aluminum Into the United States; and the Filing of Objs. to Submitted Exclusion Reqs. for Steel and Aluminum*, 83 Fed. Reg. 12,106 (Dep't Commerce Mar. 19, 2018); *Submissions of Exclusion Reqs. and Objs. to Submitted Reqs. for Steel and Aluminum*, 83 Fed. Reg. 46,026 (Dep't Commerce Sept. 11, 2018); *see also* 15 C.F.R. pt. 705 (July 1, 2024).[3] The Rule specified, *inter alia*, that "Commerce will grant properly filed exclusion requests which meet the requisite criteria, receive no objections, and present no national security concerns," 15 C.F.R. pt. 705, Supp.1, § (h)(2)(ii), and that "[e]xclusions will generally be approved for one year from the date of the signature on the decision memo." *Id.* § (h)(2)(iv).

---

[3] Citations to 15 C.F.R. pt. 705 are to the July 1, 2024, version unless otherwise stated.

On February 10, 2025, the President issued Proclamations 10895 and 10896, revoking those provisions of the prior Proclamations that authorized Commerce to grant exclusions from the section 232 duties with respect to imports of steel and aluminum articles.  Proclamation No. 10896 of Feb. 10, 2025 ("Proclamation 10896"), cl. 7, 90 Fed. Reg. 9,817 (Feb. 18, 2025); Proclamation No. 10895 of Feb. 10, 2025 ("Proclamation 10895"), cl. 8, 90 Fed. Reg. 9,807 (Feb. 18, 2025).  Proclamation 10895 directed the Secretary of Commerce to "take all actions . . . necessary to terminate the product exclusion process," Proclamation 10895, cl. 6, while Proclamation 10896 directed the Secretary of Commerce to "take all necessary action to rescind the product exclusion process," Proclamation 10896, cl. 7.

Prysmian is a domestic manufacturer of conductive cable.  Second Am. Compl. ¶ 3, ECF No. 41.  In November 2021, Prysmian's affiliate General Cable Industries, Inc. ("General Cable") submitted two exclusion requests, one designated as Exclusion Request ("ER") 261115, covering certain aluminum rod from Russia, and the second designated as ER 261137, covering certain aluminum rod from Russia, India, and Bahrain.  *See* Exclusion Req. 261115 (Nov. 10, 2021), PR Vol. 1 at 10–23; Exclusion Req. 261137 (Nov. 10, 2021), PR Vol. 2 at 10–24.  Two companies submitted objections to both requests.  *See* Exclusion Req. 261115, PR Vol. 1 at 22–23; Exclusion Req. 261137, PR Vol. 2 at 23.  On January 1, 2022, General Cable merged into Prysmian, which became the successor-in-interest to General Cable with respect to the

pending exclusion requests.[4]  Second Am. Compl. ¶ 6.  The International Trade Administration ("ITA"), a bureau of Commerce, issued recommendation memoranda in which it determined that the objectors did not "meet the quality, quantity, and/or timeliness criteria" to establish that the articles subject to the request were produced in the United States in a sufficient and reasonably available amount and of a satisfactory quality and, therefore, recommended that both exclusion requests be granted.  *See* ITA Recommendation Mem. (undated), PR Vol. 1 at 5; ITA Recommendation Mem. (undated), PR Vol. 2 at 5.  The Bureau of Industry and Security ("BIS"), another bureau of Commerce, then issued decision memoranda for each exclusion request.  With respect to ER 261115, BIS determined that the United States had a "vital national interest in imposing economic costs on Russia and/or Belarus in response to the invasion of Ukraine" and that "overriding national security concerns require that [the] exclusion request be denied notwithstanding any analysis of domestic availability."  BIS Decision Mem. (July 31, 2022), PR Vol. 1 at 3.  With respect to ER 261137, BIS determined that "duty-free imports from Russia . . . for which exclusions were requested are contrary to the national security policy of the United States in response to the invasion of Ukraine." BIS Decision Mem. (Feb. 12, 2023), PR Vol. 2 at 3–4.  Commerce accordingly denied ER 261115 on July 31, 2022, BIS Decision Mem., PR Vol. 1 at 4, and partially denied ER 261137 with respect to imports from Russia while partially

---

[4] The court uses the terms "Prysmian" and "Plaintiff" to include General Cable hereinafter.

approving ER 261137 with respect to imports from India and Bahrain on February 12, 2023, BIS Decision Mem., PR Vol. 2 at 4.

Prysmian identified Concord Resources Ltd. ("Concord") as one of its suppliers of aluminum rod from India at the time of submission of ER 261137.  Exclusion Req. 261137, PR Vol. 2 at 19.  Within the first month of the exclusion having been granted, Commerce informed Prysmian that: "exclusion request [261137] cannot be fully processed by [U.S. Customs and Border Protection] because there are multiple [importer of record] numbers associated with it."  Email Unable to Process Exclusion (Feb. 21, 2023), PR Vol. 2 at 113.  Prysmian was asked to complete a form with the importer of record number for its supplier.  *Id*.  There is no response on the record until April 2, 2024, more than a year later, when Prysmian's counsel emailed Commerce requesting that the agency approve the addition of Concord as an authorized importer of record ("IOR") in connection with partially granted ER 261137.  Email Requesting IOR Change (Apr. 2, 2024), PR Vol. 2 at 114–16.  Commerce responded on the same date, stating that it was "unable to process [Prysmian's importer of record] change because submission 261137 is expired."  Resp. Email Rejecting IOR Change (Apr. 2, 2024), PR Vol. 2 at 117; *see also* Further Resp. to Prysmian (Apr. 3, 2024), PR Vol. 2 at 122 (stating similarly in response to Prysmian's request for clarification).

On June 7, 2024, Prysmian commenced this case to challenge Commerce's denials of 17 distinct section 232 exclusion requests submitted between 2018 and 2021, including ERs 261115 and 261137.  *See* Compl. ¶¶ 115–26, ECF No. 2; First Am. Compl., ¶ 113–21, ECF No. 16.  Prysmian raised several claims pursuant to 5 U.S.C.

§§ 706(1) and (2).  *See* First Am. Compl. ¶¶ 82–169.  Defendant United States ("the

Government") moved to partially dismiss Prysmian's First Amended Complaint, arguing

that section 706(1) applies only to an agency's failure to act, not an agency's denial of a

request, and that 15 of Prysmian's section 706(2) claims should be dismissed as

untimely pursuant to the two-year statute of limitations.  Am. Def.'s Mot. to Partially

Dismiss Pl.'s First Am. Compl. at 4–8, ECF No 21; *see* 28 U.S.C. § 2636(i) (providing

for a two-year statute of limitations for actions in which the court exercises 28 U.S.C.

1581(i) jurisdiction).  The court agreed with the Government and granted the

Government's motion to partially dismiss.  *See Prysmian Cables and Systems USA,*

*LLC v. United States* (*Prysmian I*), 49 CIT __, 756 F. Supp. 3d 1337, 1341 (2025).

Separately, in January 2024, Prysmian submitted an exclusion request,

designated as ER 402427, covering certain steel coils from China.  *See* Exclusion Req.

402427 (Jan. 23, 2024), PR Vol. 4 at 9–23.  In September 2024, Prysmian submitted

ER 391723 covering certain aluminum rod from India and Bahrain.  *See* Exclusion Req.

391723 (Sept. 10, 2024), PR Vol. 3 at 10–23.

On February 11, 2025, Commerce sent an email with subject line "Blast Email –

Section 232 Exclusions Portal" ("the Blast Email"), blind copying numerous recipients,

including Plaintiff's counsel, stating:

> Pursuant to Presidential Proclamation, <u>Commerce is no longer processing
> Section 232 Exclusion Requests effective 11:59 PM Eastern Time on
> February 10, 2025.</u>  Section 232 Exclusions that have already been
> granted will remain effective until their expiration date or until their
> excluded volume is exhausted, whichever occurs first.  Pending Section
> 232 Exclusion Requests should be assumed void pending their rejection
> and/or denial by Commerce.

Blast Email (Feb. 11, 2025), PR Vol. 4 at 64–66.  After sending the Blast Email, on

March 11, 2025, Commerce issued memoranda denying ERs 391723 and 402427

pursuant to Proclamations 10895 and 10896, "without prejudice and without any

determination on the merits."  BIS Decision Mem. (Mar. 11, 2025), PR Vol. 3 at 3; BIS

Decision Mem. (Mar. 11, 2025), PR Vol. 4 at 2.

Plaintiff filed a Second Amended Complaint on March 28, 2025, in which it raised

a series of claims challenging Commerce's denials in part or in full of ERs 261115,

261137, 391723, and 40247, and Commerce's refusal to add Concord as an authorized

importer of record in connection with partially granted ER 261137.  *See* Second Am.

Compl. ¶¶ 69–124.  Plaintiff now moves for judgment on the agency record.  *See* Pl.'s.

Mem; *see also* Pl.'s Reply Mem. of Law in Supp. of its Mot. for J. on the Agency R.

("Pl.'s Reply"), ECF No. 47.  The Government filed a response to Plaintiff's Motion for

Judgment on the Agency Record.  *See* Def.'s Resp. to Pl.'s Mot. for J. on the Agency R.

("Gov't's Resp."), ECF No. 46.

#### JURISDICTION AND STANDARD OF REVIEW

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(D)

(2018 & Supp. II 2020).  Section 1581(i) grants the court jurisdiction to entertain "any

civil action commenced against the United States, its agencies, or its officers, that

arises out of any law of the United States providing for— . . . (D) administration and

enforcement with respect to the matters referred to in subparagraphs (A) through (C) of

this subsection and subsections (a)–(h) of this section."  *Id.* § 1581(i)(1)(D).

The court reviews an action commenced pursuant to 28 U.S.C. § 1581(i) in accordance with the standard of review set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, as amended.  *See* 28 U.S.C. § 2640(e).  Section 706 directs the court, *inter alia*, to "compel agency action unlawfully withheld or unreasonably delayed," and to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. §§ 706(1), 706(2)(A).

"The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  "Courts look for a reasoned analysis or explanation for an agency's decision as a way to determine whether a particular decision is arbitrary, capricious, or an abuse of discretion."  *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1369 (Fed. Cir. 1998).

DISCUSSION

I.     **Denial of ER 261115 in Full and ER 261137 in Part**

       **A.  Parties' Contentions**

Plaintiff contends that Proclamations 9704 and 9705 and the Rule permit Commerce to approve, but not to deny, a section 232 exclusion request based on specific national security considerations, and that the agency was obligated to approve ERs 261115 and 261137 once it determined that Plaintiff could not secure domestic substitutes for the products concerned.  Pl.'s Mem. at 15–16.  Plaintiff further argues

that the specific national security consideration articulated by Commerce as the basis for its denials of Plaintiff's exclusion requests—Russia's invasion of Ukraine—is not supported by the record. *Id.* at 16. Plaintiff further challenges Commerce's stated reasons for denying in full ER 261115 and denying in part ER 261337, arguing that the denials could not have had a plausible national security rationale because Plaintiff had purchased the articles prior to Russia's invasion of Ukraine. *Id.*

Defendant asserts that, in Proclamations 9704 and 9705, the President authorized, but did not require, Commerce to provide relief from section 232 tariffs based in part "upon specific national security considerations," and that the text of the Rule "unequivocally contemplated that an exclusion request could be granted *or denied* based on national security considerations." Gov't's. Resp. at 16–17. Thus, the Government contends, Commerce had the authority to deny section 232 exclusion requests based on national security considerations. *Id.* at 17–18. Defendant further asserts that because granted exclusions were generally approved for a period of one year, Plaintiff's exclusion request, if granted, would have remained in effect after Russia's February 2022 invasion of Ukraine. *Id.* at 18.

### B. Analysis

Section 232 does not require an action taken to adjust imports for national security reasons to include a process for importers to request an exclusion from that action. *See* 19 U.S.C. § 1862. Commerce's authority to consider, grant, and deny section 232 tariff exclusions stems from the Presidential delegation of such authority. *See* Proclamation 9704, cl. 3; Proclamation 9705, cl. 3. Proclamations 9704 and 9705

authorized, but did not require, Commerce "to provide relief from [section 232 duties] for any [steel or aluminum] article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" and authorized the provision of such relief "based upon specific national security considerations." Proclamation 9704, cl. 3; Proclamation 9705, cl. 3.

Plaintiff's argument that Commerce was *required* to approve ERs 261115 and 261137 is misplaced.  To support its argument, Plaintiff relies on a selective reading of the text of the Proclamations, in general, that is untethered from the section 232 statutory scheme as well as the specific Presidential delegations of authority allowing for the creation of the section 232 exclusion process in this instance.  The relevant Proclamations state that Commerce is "*authorized* to provide [relief from section 232 duties] based upon specific national security considerations", Proclamation 9704, cl. 3; Proclamation 9705, cl. 3 (emphasis added), while the Rule specified that "Commerce will grant properly filed exclusion requests which meet the requisite criteria, receive no objections, *and present no national security concerns*."  15 C.F.R. pt. 705, Supp. 1, § (h)(2)(ii) (emphasis added).  The question is not, therefore, whether Commerce was *required* to grant Prysmian's exclusion requests, but whether Commerce's decisions to deny the exclusion requests were arbitrary and capricious.  The court concludes that they were not.

For an agency action to survive judicial review under the "arbitrary and capricious" standard, "the agency must . . . articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'"

*State Farm*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).  Commerce evaluated ERs 261115 and 261137 in accordance with its established practice and the Rule.  First, the ITA issued recommendation memoranda in which it found that the objectors did not meet the quality, quantity and/or timeliness criteria to establish that there is a sufficient and reasonably available amount of the identified articles of a satisfactory quality produced in the United States and, therefore, recommended approving the exclusion.  ITA Recommendation Mem., PR Vol. 1 at 5–9; ITA Recommendation Mem., PR Vol. 2 at 5–9.  Then, BIS issued final decision memoranda in which it evaluated the national security considerations associated with each exclusion request.  *See* BIS Decision Mem., PR Vol. 1 at 3–4; BIS Decision Mem., PR Vol. 2 at 3–4.

BIS denied ER 261115, in full, and ER 261137, in part, with respect to imports from Russia, because of the overarching national security policy of the United States in response to the Russian invasion of Ukraine.  BIS Decision Mem., PR Vol. 1 at 3–4; BIS Decision Mem., PR Vol. 2 at 3–4.  Plaintiff argues that this rationale is unsound because the articles for which Plaintiff sought section 232 exclusions were purchased prior to Russia's invasion of Ukraine.  *See* Pl.'s Mem. at 16.  Plaintiff, however, ignores that the exclusions, if granted, would have remained in effect for a year, allowing Plaintiff to import articles from Russia free of section 232 national security duties even after the Russian invasion.  *See* Gov't's Resp. at 18.  Moreover, while Plaintiff questions the record basis for Commerce's denials of the exclusions for articles from Russia after Russia's invasion of Ukraine, the fact of that invasion is not in dispute and the decision

to oppose that invasion is within the Executive Branch's discretion. *See Ziglar v. Abbasi*, 582 U.S. 120, 142 (2017) ("National-security policy is the prerogative of the Congress and President. . . . For [this] and other reasons, courts have shown deference to what the Executive Branch has determined . . . is essential to national security." (internal quotation marks and citations omitted)). Thus, there is a "rational connection between the facts found and the choice made" here such that Commerce's denial of ER 261115 in full and of ER 261137 in part will be sustained. *State Farm*, 463 U.S. at 43 (internal quotation marks and citation omitted).

## II.    Denial of Addition of Concord as an Authorized Importer of Record

### A.  Parties' Contentions

Plaintiff argues that Commerce's decision not to add Plaintiff's supplier Concord as an authorized importer of record to partially granted ER 261137 is unsupported by law or substantial evidence and is not in accord with certain publicly available guidance materials published by the agency. Pl.'s Mem. at 17–18 (citing 232 Exclusion Process FAQs (June 19, 2019), PR Vol. 2 at 81–107). Plaintiff further asserts that Commerce's explanation for not adding Concord does not rise to the level of a formal rejection of the request in the absence of an accompanying decision memorandum, thereby constituting "unlawfully withheld agency action" pursuant to 5 U.S.C. § 706(1). Pl.'s Reply at 9.

Defendant asserts that Commerce was not required to grant Plaintiff's request to add an authorized importer of record to partially granted ER 261137. Gov't's Resp. at 20. Defendant avers that Commerce followed agency practice in declining to alter the exclusion after the period of validity of the exclusion had closed and that the agency

reasonably explained this practice to Plaintiff at the time of the determination.  *Id.* at 21–22.  Finally, Defendant argues that Commerce rendered a decision on the request such that the issue must be reviewed pursuant to 5 U.S.C. § 706(2), not 5 U.S.C. § 706(1).  *Id.* at 15.

### B.  Analysis

As a threshold matter, Commerce's decision not to add an authorized importer of record constitutes an agency decision subject to review under section 706(2).  "[A] claim under [section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004).  In this instance, Commerce considered and denied Plaintiff's request.

Moreover, the plain text of Commerce's section 232 guidance material, cited by Plaintiff, does not create any substantive right or obligation to be enforced against the agency.  *See* 232 Exclusion Process FAQs, PR Vol. 2 at 81–107; Pl.'s Mem. at 10.  Thus, the question is not whether Commerce was *required* to add Concord as an authorized importer of record, but rather, whether Commerce's decision to deny the addition of Concord was arbitrary and capricious.  Here, again, the court concludes that it was not.

Pursuant to the applicable APA standard of review, "the agency must . . . articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *State Farm*, 463 U.S. at 43 (internal quotation marks and citation omitted).  Here, Commerce duly implemented the

Presidential direction in Proclamations 9704 and 9705 to "issue procedures for the requests for exclusion [from section 232 duties]." Proclamation 9704, cl. 4; Proclamation 9705, cl. 4. Incidental to the creation and operation of the section 232 exclusion process, Commerce issued internal guidance materials governing how and whether to communicate a change in the authorized importer of record for an approved section 232 exclusion request to U.S. Customs and Border Protection. BIS Internal Checklist for IOR Changes, PR Vol. 2 at 108–09. Commerce alerted Prysmian that it needed to update its importer of record information for ER 261137 within the first month of the exclusion's period of validity, Email Unable to Process Exclusion, PR Vol. 2 at 113; however, Plaintiff did not take action until after the expiration of the exclusion's period of validity, Email Requesting IOR Change, PR Vol. 2 at 114–16. Once this period of validity had expired, Commerce explained to Prysmian why the agency declined to make changes to the importer of record. Resp. Email Rejecting IOR Change, PR Vol. 2 at 117; Further Resp. to Prysmian, PR Vol. 2 at 122. Section 706(2) does not require an agency to provide advance notice of its decision-making rationale. Here, Commerce's standard practice with respect to approving changes to the importer of record for approved exclusions is clear and Commerce followed its standard practice. *See* BIS Internal Checklist for IOR Changes, PR Vol. 2 at 109 (declining to process changes to expired exclusions). The court therefore concludes that Commerce's denial of the addition of Concord as an authorized importer of record to partially granted ER 261137 was not arbitrary and capricious and was otherwise in accordance with law.

### III.   Denials of ER 402427 and ER 391723

#### A. Parties' Contentions

The court now turns to Commerce's denials of ER 402427 and ER 391723. Plaintiff argues that Proclamations 10895 and 10896 called exclusively for the termination of the exclusion process with respect to new section 232 exclusion requests and did not authorize the voiding of such requests submitted prior to and still pending on the date of the Proclamations' issuance. Pl.'s Mem. at 19; *see also* Pl.'s Reply at 12–13. Plaintiff further avers that Commerce, in voiding the exclusion requests, failed to consider them adequately on their merits and, therefore, the court should require Commerce to address and grant the exclusion requests pursuant to section 706(1). Pl.'s Mem. at 19. Plaintiff also asserts that had Commerce acted on the requests within the 106-day review period stated in the Rule, the agency would have approved ERs 402427 and 391723 well before the exclusion process was terminated. Pl.'s Reply at 12.

Defendant argues that Proclamations 10895 and 10896 unequivocally and immediately revoked Commerce's authority to grant exclusion requests and that the agency thus lacked authority to grant ERs 402427 and 391723. Gov't's Resp. at 22–24. Defendant also avers that Commerce rendered a decision with respect to ERs 402427 and 391723 such that the issue must be reviewed under section 706(2), not section 706(1). *Id.* at 15–16.

## B.  Analysis

Here again the court finds that an agency decision was rendered with respect to ERs 402427 and 391723 such that the issue is properly reviewed under section 706(2). As recounted above, Commerce twice informed Plaintiff that ERs 402427 and 391723 were, or would be, denied: initially in the Blast Email in which the agency pointed to the Proclamations terminating the exclusion process and explained that pending requests should be assumed void and would be denied, then in the decision memoranda issued one month later in which the agency formally denied the pending requests.  Blast Email (Feb. 11, 2025), PR Vol. 4 at 64–66; BIS Decision Mem., PR Vol. 3 at 3; BIS Decision Mem., PR Vol. 4 at 2.  The fact that Commerce based the denials on the termination of the exclusion process rather than the merits of the requests does not alter their effectiveness as denials for the purpose of applying section 706(1).

Without developing the argument, Prysmian asserts in the Conclusion of its brief that the denials of ERs 402427 and 391723 were arbitrary and capricious pursuant to section 706(2).  *See* Pl.'s Mem. at 20.  Mentioning a potential claim in passing without more typically constitutes a waiver of such claim.  *See Home Prods. Int., Inc. v. United States*, 36 CIT 665, 673, 837 F. Supp. 2d 1294, 1301 (2012) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990) (alteration in original))).  The court nonetheless addresses this claim and finds that it fails on the merits for the following reasons.  The section 232 exclusion process was created at the direction of the President.  *See* Proclamation 9704, cls. 3–4;

Proclamation 9705, cls. 3–4.  The President later directed the termination of the section

232 exclusion process by Proclamation, the same mechanism by which he called for its

creation.  *See* Proclamation 10895, cl. 6; Proclamation 10896, cl. 7.  Proclamations

10895 and 10896 explicitly revoked Commerce's authorization to consider and grant

exclusions with immediate effect.[5]  *See* Proclamation 10896, cl. 7 ("As of 11:59 p.m.

eastern time on the date of this proclamation, *the Secretary shall not consider any*

*product exclusion requests* or renew any product exclusion requests in effect as of that

date." (emphasis added)); Proclamation 10895, cl. 8 ("The provisions of [prior

proclamations] authorizing the Secretary to grant relief for certain products from the

[section 232 duties] . . . set forth in the prior proclamations described herein are *hereby*

*revoked*." (emphasis added)).

Plaintiff's argument that Commerce should nonetheless have considered pending

section 232 exclusion requests following issuance of Proclamations 10895 and 10896

relies primarily on a selective reading of the Proclamations that is manifestly

contradicted by their plain language.  *See* Proclamation 10895, cl. 8; Proclamation

10896, cl. 7.  When the President issued those Proclamations, he rescinded any

---

[5] With respect to Plaintiff's assertion that Commerce failed to act within its prescribed review period, *see* Pl.'s Reply at 12, the Rule states in relevant part that "[t]he review period *normally* will not exceed 106 days," 15 C.F.R. pt. 705, Supp. 1, § (h)(3)(i) (emphasis added).  The use of "normally" to delineate the timeline and the lack of prescribed consequences for failing to meet the timeline together indicate that the 106-day period is directory, not mandatory.  *See Brock v. Pierce Cnty.*, 476 U.S. 253, 265 (1986) (holding that a regulatory timeframe for agency action does not, on its own, prohibit the agency from acting outside that timeframe absent any prescribed consequence for exceeding such timeframe).

authority previously delegated to Commerce to grant exclusions.  Because Commerce no longer possessed authority to grant exclusions from the section 232 duties, Commerce's denials of ERs 402427 and 391723 were not arbitrary and capricious and were otherwise in accordance with law.

## CONCLUSION

For the reasons discussed above, Commerce's denials of ERs 261115, 402427, and 391723 in full and of ER 261137 in part, and its denial of Plaintiff's request to add an importer of record to partially granted ER 261137, will be sustained.  Judgment will enter accordingly.

/s/     Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: February 23, 2026
          New York, New York